INNES & CO. v. KRYSHER & MUNN.

1. SET-OFF NEED NOT BE VERIFIED. A set-off pleaded by a defendant is not an answer to the petition; it is a counter claim or cross action,

and need not be under oath, even where the plaintiff requires an answer under oath.

2. SAME. Where the plaintiff required an answer under oath, and defendant filed an answer admitting the material allegations of the petition, and setting up a set-off, not under oath; *Held*, that the court erred in striking the set-off from the files.

3. WHEN TAKEN AS TRUE. A plea of set-off when not replied to is to be taken as true.

*Appeal from Polk District Court.*

THURSDAY, OCTOBER 13.

*Cole & Jewett*, for the appellant.

*J. M. Ellwood*, for the appellee.

STOCKTON, J.—Suit on a promissory note given by defendants to plaintiffs, for the sum of $647, payable September 17th, 1857. Plaintiffs aver that defendants have paid on the note $391,21, as per endorsements thereon; that the whole amount paid by defendants, appears from the said endorsements; and that the balance amounting to $303,18 for principal and interest, is still due and owing plaintiffs, for which they pray judgment. This petition was sworn to by the attorney of the plaintiffs, who stated that he had reasonable means of information in regard to the subject matter, and that he believed the material allegation of the petition to be true. The answer of defendants to the petition, was required to be under oath. The defendants answer, but not under oath, in which they say, that they admit every material fact set forth in the petition, and every material allegation therein contained. They also set up by way of the set-off, or cross action, a claim against plaintiffs of one hundred and fifty dollars, for a horse sold to plaintiffs by defendants; and eighty-two dollars, for damages, on account of plaintiffs not performing their contract with defendants in shipping to them five bales of domestic goods, in the year 1858; and for two hundred dollars, the price and value of a lot of wool shipped by defendants to plaintiffs, in the year 1857—for which sums they ask judgment.

The plaintiffs moved the court to strike from the files, the answer of defendants, for the reason that the petition was sworn to, and defendants were required to answer thereto under oath, and the answer filed was not under oath as required. This motion was sustained by the court, and the answer stricken from the files. Whereupon, as shown by the record, the court having heard the allegations and proofs, found that the defendants were indebted to the plaintiffs in the sum of two hundred and fifty-six dollars and seventy-five cents, ($256,75,) and rendered judgment against defendants for the sum.

As the answer of defendants admitted all the material facts alleged in the petition, there was nothing to be gained to plaintiffs by requiring the answer to be made under oath. The set-off pleaded, was not in any sense an answer to the petition; it was a counter claim or cross action, not required to be filed under oath. *Freeman* v. *Fleming*, 5 Iowa 440.

As the answer admitted the plaintiffs' claim, there was no prejudice to defendants' rights in striking it out, provided they had the benefit of their set-off pleaded. As it is evident that the court deemed the set-off to be a part of the defendants' answer, we must conclude that in striking out the answer, the court struck out also the set-off, or counter claim of defendants, thereby preventing defendants from having any benefit from the same, on the trial.

If not thus stricken out, as it was not replied to, it was to be taken as true; and we cannot understand from the record that any part of the same was allowed.

Judgment reversed.